RODRÍGUEZ, PLAINTIFF AND APPELLANT, *v.* WORKMEN'S RELIEF COMMISSION, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2165.—Decided June 22, 1920.

APPEAL—WORKMEN'S RELIEF COMMISSION—DAMAGES.—In accordance with section 9 of Act No. 10 of 1918, a decision of the Workmen's Relief Commission to the effect that the claimant is not entitled to damages because he did not exclusively depend upon his son, the victim of an accident, is not appealable.

The facts are stated in the opinion. .

*Mr. L. Tormes* and *Miss H. Tormes* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case involves the interpretation of the first paragraph of section 9 of Act No. 10 of 1918. .

Juana María Rodríguez y Ruíz applied to the Workmen's Relief Commission, created by section 6 of that act, for compensation for the death of her son, Baudilio Giner y Rodríguez, which occurred on January 22, 1919, while he was working as an employee of the Rufina Sugar Factory. Baudilio was caught by a wheel of a carrier while placing a sack of ground bagasse on it and suffered injuries of such seriousness as to cause his almost instantaneous death.

The Commission considered the case and rendered the following decision:

"In view of the last report made by the inspector and it appearing that the parents of the injured person did not depend exclusively upon his earnings for their support, the petition is denied."

María Rodríguez thereupon appealed to the district court

and filed a complaint narrating all of the facts and incidents of the case. The district attorney answered on behalf of the Commission. The evidence was examined and the district court finally rendered judgment dismissing the complaint filed on appeal.

The plaintiff then appealed to this court and sent up a complete transcript of the record.

All of the issues involved have been discussed by the parties in their briefs, but we are of the opinion that the only question which we can consider is whether or not the decision of the Workmen's Relief Commission was appealable under the said act.

The special statute applicable to the case reads as follows:

"Appeals from the decision of the Workmen's Relief Commission to the district court of the district where the accident occurred shall be allowed to the claimant only when the commission shall have decided that no accident has occurred for which compensation is provided in this Act." Paragraph 1, Section 9, Act No. 10 of 1918.

In this case the Commission did not hold that no accident had occurred for which the act provides compensation; but, basing its decision on the investigation made, it held that the claimant was not wholly dependent upon her son and that therefore she was not entitled to compensation.

A perusal of the statute discloses that certain cases are expressly excepted. Section 4 begins as follows:

"Accidents occurring under the following circumstances are not labor accidents and, therefore, shall not entitle the laborer or his heirs under this Act, to compensation."

It then specifies four cases.

Perhaps with their minds fixed on that section the legislators drafted the quoted paragraph of section 9. In any

event, we can not change the letter of the act as we should be compelled to do in order to include the appellant's case within its provisions, even though we might consider her claim to be just. In examining Act No. 19 of 1916, which provides for the relief of such workmen as may be injured, etc., and allows appeals from the decisions of the Workmen's Relief Commission in substantially the same language, this court, in construing the paragraph referring to the right of appeal conferred upon the employer, said:

"From the decisions rendered in such circumstances no appeal is allowed by section 23, and such decisions can not be considered as included among those which are appealable under paragraph 8 of section 12 which, as we have said, refers to employers who have been assessed for premiums under the provisions of the act.

\*       \*       \*       \*       \*       \*       \*

"As a result of the foregoing we find that the decision of the Workmen's Relief Commission of February 18, 1918, does not come within paragraph 8 of section 12 of the Workmen's Relief Act and that, therefore, no appeal lies therefrom. And as the right of appeal is not a constitutional right, but a statutory privilege, no matter how far the refusal to grant such review might go to the appellant's damage, this court would not be authorized to confer upon him a right which the law does not give, this being a proper function of the legislature and not of the courts." *Carrero et al.* v. *Diez & Pérez,* 27 P. R. R. 433.

Under these circumstances we can only affirm the judgment appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.